IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,516-01






EX PARTE ARNOLDO DAVID LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-07-09930-CR IN THE 79TH DISTRICT COURT


FROM BROOKS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Fourth Court of Appeals dismissed his appeal. Lopez
v. State, No. 04-10-00630-CR (Tex. App.--San Antonio 2010, no pet.).

 Applicant contends that counsel failed to timely file a motion for new trial and notice of
appeal. Applicant urges this Court to grant him an out-of-time appeal. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte Axel, 757 S.W.2d 369 (Tex.
Crim. App. 1988). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order counsel to respond to Applicant's claim. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a
motion for new trial and notice of appeal. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: October 31, 2012

Do not publish